### JOHN NORTHCUTT v. STATE.

No. A.-3877.   Opinion Filed Jan. 20, 1923.
(211 Pac. 521.)

(Syllabus.)

Appeal and Error—Failure to File Brief or Argue—Scope of Review—
In a homicide case, where the defendant appeals from a judg-
ment of conviction, and no brief is filed or oral argument made,
this court will examine the record and the evidence and, if no
error prejudicial to the substantial rights of the defendant is
apparent, will affirm the judgment.

Appeal from Superior Court, Okmulgee County; H. R.
Christopher, Judge.

John Northcutt was convicted of the crime of murder and
sentenced to imprisonment for life in the state penitentiary,
and appeals. Judgment affirmed.

Eaton & Dick, for plaintiff in error.

The Attorney General, for the State.

MATSON, P. J. This is an appeal from a judgment of
conviction against the defendant, John Northcutt, for the
murder of one Jim Lawrence. Upon a trial to a jury in the
superior court of Okmulgee county, defendant was convicted
of murder with punishment fixed at life imprisonment. On
the 17th day of May, 1920, judgment was pronounced in
conformity with the verdict rendered, and an appeal from such
judgment was taken to this court by filing herein a duly
authenticated case-made, with petition in error attached, on the
11th day of November, 1920. The court has granted extensions
of time in which to file brief, to counsel for the defendant,
before and after the cause was submitted on March 8, 1922.
No brief, however, has been filed in behalf of this defendant,
nor was any appearance made at the time the cause was sub-
mitted to present to this court an oral argument.

The court has held:

"In a homicide case, where the defendant appeals from a judgment of conviction and no brief is filed or oral argument made, this court will examine the record and the evidence and, if no error prejudicial to the substantial rights of the defendant is apparent, will affirm the judgment." Lewis v. State, 12 Okla. Cr. 357, 157 Pac. 271.

The evidence discloses that the homicide was committed on a public highway about a mile west of the town of Kusa, in Okmulgee county, Okla., on the 23d day of November, 1919, which was Sunday. The question for the jury on the evidence was whether the act was justifiable in self-defense, as claimed by the defendant, or murder as testified by the state's witnesses.

We do not deem it necessary to give a synopsis of the evidence; suffice it to say, that the testimony of the state's witnesses is amply sufficient to support the verdict and judgment, while the unsupported testimony of the defendant would tend to justify him. The weight of the evidence and the question of the credibility of the witnesses was solely for the jury's determination. This court will not reverse a judgment of conviction merely because of conflict in the evidence.

The instructions cover the law of the case as applicable to the evidence; the trial judge giving several instructions on the law of self-defense which would have authorized a jury to acquit the defendant had they believed the defendant's testimony, or if the same created a reasonable doubt of his guilt.

After a careful examination of the information, the plea, the minutes of the trial, the verdict, the judgment and sentence, and the evidence, the conclusion is reached that no error prejudicial to the rights of the defendant is apparent,

and that the defendant was fairly tried and properly convicted.

The judgment is therefore affirmed.

BESSEY and DOYLE, JJ., concur.